WEILL *et al.* v. MALONE *et al.*

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

ATTACHMENT—VACATING—PROOF OF FRAUD.

Plaintiffs delivered to defendants a quantity of steel to be paid for as used by defendants. Afterwards defendants' premises were burned, and some of the steel was missing after the fire. There was evidence that after the fire some damaged steel had been sold by defendants. *Held*, that an attachment on the ground that defendants had disposed of the steel with the intent to defraud plaintiffs, granted in an action for the conversion of the steel, would not be vacated before the trial, though there was evidence that the damaged steel sold by defendants was not the steel sued for. PRATT, J., dissenting.

Appeal from special term, Kings county.

Action by Elie Weill, Alphonse D. Weill, and Elie Lazard against Joseph Malone and Margaret McCabe, to recover for the conversion of certain steel shipped by plaintiffs to defendants to be used by defendants in their business, and to be paid for as used. Defendants' factory was burned, and in consequence of the damage done it was agreed between the parties that defendants should assign their policies of insurance to plaintiffs in payment of their debt, and the damaged steel was to be divided. Afterwards plaintiffs brought this action and sued out an attachment against defendants on the ground that defendants were disposing of such damaged steel with intent to defraud them. From an order vacating the attachment plaintiffs appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Eugene G. Kremer*, (*Frederic S. Barnum*, of counsel,) for appellants. *James C. Church*, for respondents.

BARNARD, P. J. The plaintiffs delivered to the defendants 92 casks of steel. On the 26th of April, 1890, the defendants' premises were burned.

There were 52 casks of the steel missing after the fire. There is proof tending to show that some damaged steel was sold by defendants in May after the fire. There is proof tending to show that this was not the steel in question. Even upon this point the case is not sufficiently clear to vacate the attachment. The conversion, in any case, remains proven. Assuming a conversion of 52 casks of steel, the statement that the defendants had disposed of the same with intent to defraud their creditor presumptively should be held good until the trial. The order vacating the attachment should be reversed, with costs and disbursements.

DYKMAN, J., concurs.

PRATT, J., (*dissenting.*) This motion only involves questions of fact, and an examination of the affidavits satisfies us that the matter was correctly decided below. The evidence failed to show with sufficient certainty that the defendants had disposed of any of their property with intent to defraud their creditors, and whatever there was alleged by plaintiff from which such an inference might be drawn was fully met and denied or explained by the defendants. Order affirmed, with costs.